IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Gregory T. Christian,<br><br>      Plaintiff,<br><br>  vs.<br><br>United States of America,<br>Internal Revenue Service,<br><br>      Defendant. | Civil Action No. 6:04-23323-HFF-WMC<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the court on the plaintiff's motion for partial summary judgment. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

In his complaint, which was filed *pro se*, the plaintiff alleges that he is entitled to a refund of funds seized by the United States to pay his 1998 tax liability. The parties disagree as to the amount actually seized from the account, but it is either $22,101.62 or $22,109.68. The funds were applied to the plaintiff's 1998 income tax assessment, plus accruals, and to the frivolous return penalty assessment, plus interest. The plaintiff seeks to recover the entire amount seized plus statutory interest.

## **APPLICABLE LAW**

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

> there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the

> mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## ANALYSIS

In response to a question seeking a summary of the claims and defenses in the instant case, the parties stated jointly in their Rule 26(f) report:

> Plaintiff claims he is entitled to a refund of funds seized from his brokerage account pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422. The United States agrees that plaintiff is entitled to a refund of a portion of the funds seized, but disputes that plaintiff is entitled to a refund of the entire amount seized.

(Rule 26(f) report, no. 4(D)). On September 23, 2005, the plaintiff filed a motion for partial summary judgment stating:

> Defendant having in the Rule 26(f) report served the Court notice that "The United States agrees that Plaintiff is entitled to a refund of a portion of the funds seized," said funds seized constituting the present matter at issue before the Court, in the interests of serving such equities as the Parties thus mutually agree upon and clarifying such sum as remains at issue Plaintiff moves the Court for partial Summary Judgment awarding Plaintiff "a portion of the funds seized."

(Pl. m.s.j. 1).

In response to the plaintiff's motion for partial summary judgment, the defendant responded that on October 6, 2005, it served interrogatories and requests for admissions on the plaintiff to determine his tax liability for tax year 1998 and, consequently, the amount that should be refunded to him. At the time of the defendant's response to the

3

plaintiff's motion for partial summary judgment, the plaintiff had not yet responded to the discovery requests.  No subsequent information has been provided to this court.

Accordingly, this court agrees with the defendant that the plaintiff's motion for partial summary judgment is premature as genuine issue of material fact remain and, therefore,  the motion should be denied.


                                                s/William M. Catoe
                                                United States Magistrate Judge

February 9, 2006

Greenville, South Carolina