IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Gregory T. Christian, | ) |
|                     Plaintiff, | ) Civil Action No. 6:04-23323-HFF-WMC |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| United States of America, Internal Revenue Service, | ) |
|                     Defendant. | ) |

This matter is before the court on the defendant's motion for summary judgment. In his complaint, which was filed *pro se*, the plaintiff alleges that he is entitled to a refund of funds seized by the United States to pay his 1998 tax liability. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The defendant filed a motion for summary judgment on March 3, 2006. By order filed on March 7, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response to the defendant's motion on April 10, 2006, and the defendant filed a reply on April 17, 2006.

**FACTS PRESENTED**

On or about April 17, 1999, plaintiff Gregory T. Christian mailed to the Internal Revenue Service ("IRS") a document purporting to be a 1998 income tax return (def. m.s.j., ex. 1). The plaintiff remitted payment to the IRS in the amount of $534.10, along with the

purported tax return. *Id.* The document mailed to the IRS initially states that the correct tax liability is $1,514.76, but then the plaintiff reduced that amount by 65 percent using a formula devised by him to determine the amount of tax he alleges is properly payable under the United States Constitution. *Id.* As explained in his attachment to the return, the plaintiff "delet[ed] payment . . . for federal activities during the tax year which were either not authorized by or which were not conducted in accordance with the Constitution." *Id.* The plaintiff used a fractional multiplier and applied it to each line of the budget based on the percentage of spending he determined was authorized by the United States Constitution. *Id.* Based on this formula, the plaintiff reduced his tax liability by almost 65 percent to $534.10. *Id.*

The IRS rejected the purported income tax return and, on November 8, 1999, assessed the plaintiff with a $500 Frivolous Return Penalty pursuant to 26 U.S.C. §6702 (def. m.s.j., ex. 3). Thereafter, the IRS prepared a substitute for return pursuant to 26 U.S.C. §6020(b) (def. m.s.j., ex. 2). On that substitute for return, the IRS computed taxpayer's tax liability to be $7,814. *Id.* The IRS relied on data provided to it by third parties. The IRS admits that in computing the plaintiff's tax liability it included in the plaintiff's gross income his receipt of funds from the sale of stock, but it did not take into account the plaintiff's basis in the stock he had sold. Accordingly, the United States now contends that the plaintiff's 1998 correct tax liability is $1,514.76, the amount shown on the plaintiff's original return before he reduced that liability by his formula (def. m.s.j. 5).

In addition, the IRS determined that the plaintiff was liable for a failure to file penalty (26 U.S.C. §6651) in the amount of $5,835.50, a miscellaneous penalty (26 U.S.C. §6651) in the amount of $5,835.50, and a failure to pay estimated tax penalty (26 U.S.C. §6654) in the amount of $357.56 (def. m.s.j., ex. 2, 3). The IRS assessed the failure to file penalty twice (the miscellaneous penalty of $5,835.50) and now concedes that it was entitled to collect this penalty only once (def. m.s.j. 2 n. 1).

2

On March 29, 2002, the IRS issued a statutory notice of deficiency with respect to the proposed increase in tax and the proposed penalties for failure to pay estimated tax and failure to file (def. m.s.j., ex. 4). The notice gave the plaintiff 90 days from the date of the notice to file a petition to contest the proposed deficiency in Tax Court. *Id.* The plaintiff did not exercise this right. Therefore on August 5, 2002, the IRS made assessments against taxpayer for those amounts (def. m.s.j., ex. 2). On June 2, 2003, the IRS seized $22,109.78 from the plaintiff's brokerage account for application to his 1998 tax liabilities (def. m.s.j., ex. 2, 3). On June 5, 2003, $21,462.68 was applied to the plaintiff's 1998 income tax and penalty assessments (that had been assessed on August 5, 2002), and $647.10 was applied to the frivolous return penalty (that had been assessed on November 8, 1999). *Id.* The plaintiff filed the instant suit seeking to recover $22,101.62, plus statutory interest, for the amount seized from his brokerage account.[1] The United States agrees that taxpayer has overpaid his tax liabilities and penalties for 1998, but the parties have been unable to come to an agreement as to the amount of overpayment of tax made by the plaintiff.

## APPLICABLE LAW

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.

---

[1] The parties apparently do not agree as to the exact amount seized from the brokerage account.

3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.  Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).  Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

4

**ANALYSIS**

To the extent the plaintiff seeks to reduce his tax liability based upon the percentage of government spending he deems unconstitutional, his arguments are frivolous and should be rejected.  *See Lull v. Comm.*, 602 F.2d 1166, 1167 (4th Cir. 1979) (refusing to allow a deduction for military expenditures where taxpayers alleged conscientious religious objections to war).  It does not appear that there is a genuine issue of material fact on the issue of the plaintiff's tax liability.[2]  Accordingly, the plaintiff's 1998 tax liability is $1,514.76,[3] the amount shown on the plaintiff's original return before he reduced the liability by his formula (def. m.s.j., ex. 1).

It further appears that a frivolous return penalty assessed by the IRS pursuant to 26 U.S.C. §6702 is appropriate.  Section 6702 was enacted in order to improve compliance with the federal tax laws and in response to the growth of various protest movements across the country.  To help stem the threat to the integrity of the self-assessment system, Congress provided for the immediate assessment of a civil penalty of $500 on "any individual [who] files what purports to be a return [of income tax]" where (1) the document either "does not contain information on which the substantial correctness of the self-assessment may be judged" or "contains information that on its face indicates that the self-assessment is substantially incorrect" and (2) such conduct arises either from "a position which is frivolous" or from "a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws."  26 U.S.C. §6702.

Clearly, the purported income tax return filed by the plaintiff for tax year 1998 is incorrect on its face as it showed a reduced tax due based on his contention that a portion of government spending is unconstitutional.  Further, it is clear that the return arose from the

---

[2]The plaintiff states in his opposition to the motion for summary judgment that he accepts "all but $21.12 of plaintiff's 1998 tax liability"; however, he set forth no facts and evidence in support of his position (pl. resp. m.s.j. 2).

[3]As set forth above, the plaintiff remitted payment to the IRS in the amount of $534.10 for tax year 1998.

5

plaintiff's adoption of a position that is frivolous. "There is no provision in the Internal Revenue Code that provides a credit or deduction based on a taxpayer's disagreement with the uses to which tax payments will be put." *Welch v. United States*, 750 F.2d 1101, 1107 (1st Cir. 1985). Based upon the foregoing, the frivolous return penalty imposed by the IRS was appropriate.

The IRS also imposed a penalty of $5,835.50[4] on the plaintiff pursuant to 26 U.S.C. §6651 for his failure to file a tax return for tax year 1998. Section 6651 provides for an addition to tax in the event a taxpayer fails to file a timely return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The addition to tax is equal to five percent of the tax due for each month that a return is delinquent, not to exceed 25 percent. 26 U.S.C. §6651(a). Where the failure to file was fraudulent, the addition to tax is equal to 15 percent of the tax due for each month that a return is delinquent, not to exceed 75 percent. *Id.* §6651(f).

In the present case, the IRS assessed the plaintiff with the 75 percent penalty. Although the IRS imposed the 75 percent penalty for fraudulent failure to file (§6651(f)), the United States now concedes that the plaintiff should have been assessed the 25 percent penalty for negligent failure to file (§6651(a)(1)), and therefore he is entitled to a refund in the amount of the difference between the two penalties (def. m.s.j. 9). As argued by the IRS, it is plain that taxpayer does not have "reasonable cause" for the position that he took on the Form 1040 that he submitted to the IRS. In addition, although the term "return" is not defined in Section 6651, courts have applied a four-part test for determining whether a document filed with the IRS is a return. "The four-part test . . . requires that a document contain sufficient data to calculate tax liability, purport to be a return, represent an honest and reasonable attempt to satisfy the requirements of the tax law, and be executed by the taxpayer under

---

[4] As noted above, the IRS assessed the penalty for failure to file twice, and the United States now concedes that it was entitled to collect this penalty only once.

6

penalties of perjury." *Coulton v. Comm.*, T.C. Memo 1005-199 (2005) (*citing Beard v. Comm.*, 82 T.C. 766, 777 (6th Cir. 1986)). "Tax protesters, as a general rule, have not been found to make an honest and genuine attempt to meet the requirements of the law." *Id.* In this case, the plaintiff did not make an honest and reasonable attempt to satisfy the requirements of the tax law when he reduced his tax liability based on a frivolous position, and therefore he did not file a return for purposes of Section 6651. Accordingly, a 25 percent penalty for negligent failure to file is appropriate.

The IRS also imposed a penalty of $357.56 for the plaintiff's failure to pay estimated tax for tax year 1998, pursuant to 26 U.S.C. §6654(a). The penalty is imposed whether or not there was reasonable cause for the underpayment. 26 C.F.R. §1.6654-1(a). The taxpayer bears the burden of proving that he is not liable for the addition to tax under Section 6654 by demonstrating that one of the exceptions set forth in Section 6654(e) is applicable. *Ledbetter v. Comm.*, 837 F.2d 708, 711 (5th Cir. 1988). These exceptions are applicable when (1) the tax shown on the return (or, if no return is filed, the tax) reduced by the allowable credit for withheld income tax is less than $1,000; or (2) there was no tax liability for the preceding taxable year of 12 months and the individual was a citizen or resident of the United States throughout the preceding year. 26 U.S.C. §6654(e).

The plaintiff did not have any income tax withheld for 1998 (def. m.s.j., ex. 2). By the plaintiff's own calculations (and as set forth above), his tax liability for 1998 was $1,514.76. Therefore, he does not qualify for the first exception. Further, the plaintiff had a tax liability of $3,071 for tax year 1997, and therefore he does not qualify for the second exception (def. m.s.j., ex. 5). The addition to tax under 26 U.S.C. §6654(a) may also be waived in certain cases where (1) casualty or disaster or other unusual circumstances would make imposition of the addition to tax against equity and good conscience or (2) the taxpayer was newly retired after having attained age 62 or became disabled in the taxable year for which the estimated payments were required to be made or in the taxable year preceding

7

such taxable year and the underpayment was due to reasonable cause and not due to willful neglect. 26 U.S.C. §§6654(e)(3)(A) and (B). There is no indication that waiver of the addition to tax under Section 6654(a) is appropriate in this case. The plaintiff argues that he is not liable for this penalty because his "income has for fifteen years past been derived almost entirely from capital gains in the common stock market, and as there is no such thing as 'expected income' therefrom, [the plaintiff] has not in the interval paid, nor been held liable for, 'estimated tax'" (pl. resp. m.s.j. 3). As argued by the IRS, the plaintiff does not dispute that he did not make estimated tax payments for tax year 1998, he has cited no authority in support of his position, and he has failed to demonstrate that one of the exceptions set forth above is applicable. As neither the exceptions nor waiver are appropriate, the plaintiff is liable for a penalty for failure to make estimated tax payments.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, no issues of material fact remain. The plaintiff is liable for a tax of $1,514.76, the frivolous return penalty, the negligent failure to file penalty, and the failure to pay estimated tax penalty for tax year 1998. Wherefore, based upon the foregoing, it is recommended that the defendant's motion for summary judgment be granted. Further, the defendant should be directed to submit a proposed judgment to reflect the amount of overpayment of tax made by the plaintiff for tax year 1998.

s/William M. Catoe
United States Magistrate Judge

June 22, 2006

Greenville, South Carolina